UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Selena D. Geiser; Jennifer L. Heldt, | Case No. 21-cv-2247 (WMW/DTS) |
| Plaintiffs, | |
| v. | **ORDER** |
| Securian Life Insurance Company, | |
| Defendant. | |

---

Before the Court is Defendant Securian Life Insurance Company's ("Securian") motion for summary judgment. (Dkt. 20.) For the reasons addressed below, the Court grants the motion.

## BACKGROUND

Cynthia Litzau ("Decedent") was employed by 3M from approximately October 18, 2005 until her death on May 23, 2020. Decedent is the mother of Plaintiff Selena Geiser and Plaintiff Jennifer Heldt. As part of her employment benefits, Decedent was enrolled in a life insurance plan provided by Securian to 3M. This Employee Group Term Life Policy ("Policy") granted the Decedent two types of life insurance coverage: Basic Life coverage with a value of $50,000 and Additional Life coverage amounting to $246,376.

The Certificate of Insurance provided to the Decedent under the Policy specified that the death benefit will be paid to the beneficiary or beneficiaries chosen by the insured. The insured has the flexibility to name a beneficiary who will receive the death benefit upon the insured's passing. This beneficiary designation can be modified at any time,

subject to certain conditions: (1) the coverage must be active; (2) all irrevocable beneficiaries must give their consent; and (3) the insured must not have assigned ownership of the insurance to anyone else. Any changes to the beneficiary designation must be made in writing or through other approved methods as specified by the plan's guidelines. (Ex. A at 4.)

The Certificate of Insurance states that Securian holds exclusive authority, at its sole discretion, to interpret the group policy and make decisions on all matters related to the policy. Any exercise of this authority by Securian is considered conclusive and binding for all parties involved, except when it can be proven that such a determination was made arbitrarily and capriciously.

After the Decedent's passing, Securian received the beneficiary designations for her various life insurance coverages from her employer, 3M. 3M is responsible for handling and administering employee beneficiary designations through an online portal. Securian does not oversee, manage, administer or have access to the beneficiary designations of 3M's employees. Instead, Securian receives beneficiary information only from 3M in the event of a covered employee's demise.

The beneficiary information provided by 3M to Securian indicates that Timothy Litzau, Decedent's spouse, was designated as the "100%" beneficiary for both the Basic Life and Additional Life Benefits. In accordance with these beneficiary designations, Securian paid Timothy Litzau a total of $296,530.28 in Life Benefits, along with interest. *Id.*

Plaintiffs subsequently contested the beneficiary designations and the payment of Life Benefits to Timothy Litzau, and this legal action followed. Plaintiffs allege a breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs seek relief in the form of Additional Life Benefits payment, with the distribution as follows: Timothy Litzau (50%); Plaintiff Geiser (13%); Plaintiff Heldt (13%); Minor Child (12%); and Minor Child (12%).

Although this legal matter falls under ERISA's jurisdiction, both parties reached an agreement allowing Plaintiffs to conduct limited discovery through a subpoena issued to 3M. The records obtained from 3M revealed that Decedent accessed 3M's online portal on March 28, 2020 and modified her beneficiary designations for Additional Life Benefits. Initially, Decedent changed the designation from 100% to Timothy Litzau to a distribution of 50% to Timothy Litzau, 13% to Plaintiff Geiser, 13% to Plaintiff Heldt, and 12% each to two of Decedent's grandchildren. However, the records also indicated that, on May 12, 2020, Decedent revisited 3M's online portal and reverted the March 28, 2020 designations, restoring Timothy Litzau as the sole 100% beneficiary of the Additional Life Benefits.

On October 12, 2021, Plaintiffs initiated the current legal action, alleging that Securian's conduct constitutes breach of fiduciary duties under ERISA. By the present motion, Securian moves to dismiss Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 56(a).

# ANALYSIS

Summary judgment is proper when the record before the district court establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, a district court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014).

When asserting that a fact is genuinely disputed, the nonmoving party must "submit affidavits, depositions, answers to interrogatories, or admissions on file and designate specific facts" in support of that assertion. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 831–32 (8th Cir. 2008); *see also* Fed. R. Civ. P. 56(c)(1)(A). A nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "The existence of a 'scintilla of evidence' in favor of the non-moving party is not enough to create a genuine issue of material fact." *Devine v. Stone, Leyton & Gershman, P.C.*, 100 F.3d 78, 81–82 (8th Cir. 1996) (quoting *Anderson*, 477 U.S. at 252).

The parties agree that ERISA governs the Policy under consideration. When a plan grants discretionary authority to the plan administrator for determining benefit eligibility

4

or interpreting plan terms, the court's review of such decisions is based on the abuse-of-discretion standard. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). Under this standard, the administrator's decision is considered reasonable if it is supported by substantial evidence. *Alexander v. Trane Co.*, 453 F.3d 1027, 1031 (8th Cir. 2006). The court is not permitted to impose its own judgment in place of the plan administrator's. *Id*. Instead, the question before the court is whether a reasonable person, presented with the same evidence, could have arrived at a similar decision. *Groves v. Metro. Life Ins. Co.*, 438 F.3d 872, 875 (8th Cir. 2006).

### A. Beneficiary Designation

Plaintiffs contend that a dispute exists as to the beneficiary designation for Decedent's Additional Life Benefits on May 12, 2020. They assert that they personally witnessed Decedent change her beneficiaries on March 28, 2020, a change that Securian confirmed occurred at Decedent's specific request and intent. Furthermore, they argue, the records of 3M validate this alteration. According to Plaintiffs, Decedent made this change through Plaintiff Geiser's cellular device, as Decedent had difficulty accessing her computer at home and navigating 3M's benefits portal independently. Plaintiff Geiser, who is also employed by 3M, purportedly assisted her mother in executing the desired changes.

Plaintiffs argue that the March 28, 2020 beneficiary change represented the last modification Decedent intended to make. In their respective affidavits, Plaintiffs assert that Decedent never mentioned any additional alterations to her beneficiaries and would have been unable to do so because of her frequent hospitalizations from mid-April until

5

her death. (Dkts, 28, 29.) Moreover, they contend that Decedent lacked the capacity to access the 3M benefits portal or use a computer on her own. As a result, Plaintiffs argue, a genuine issue of material fact exists regarding Decedent's true intent in her beneficiary designations at the time of her passing.

Securian asserts that Plaintiffs have failed to provide admissible evidence to support their opposition to Securian's motion for summary judgment. *Knutson v. Schnell*, No. 22-cv-185 (JRT/ECW), 2023 U.S. Dist. LEXIS 87374, at *17 (D. Minn. 2023). According to Securian, the most recent beneficiary designation on file, which designates Decedent's spouse, Timothy Litzau, as the beneficiary for her Basic Life and Additional Life Benefits, is undisputed.

In response, Plaintiffs argue that Decedent did not make the beneficiary change on May 12, 2020. Securian refutes this claim, however, stating that Plaintiffs' belief and speculation do not qualify as admissible evidence, as established by the requirements of Federal Rule of Civil Procedure 56(c)(2), (4). *Knutson*, 2023 U.S. Dist. LEXIS 87374, at *17-19. Unsupported self-serving allegations are insufficient to defeat a motion for summary judgment. *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009).

Securian also contends that Plaintiffs' belief that Decedent lacked the knowledge to initiate the change because of the password and navigation issues is mere speculation. Securian suggests that, just as Plaintiff Geiser assisted Decedent in a previous change on March 28, 2020, Timothy Litzau might have played a similar role in the May 12, 2020 change. Securian argues that Plaintiffs have failed to meet their burden of providing

6

sufficient probative evidence, instead relying on speculation and conjecture. *Knutson*, 2023 U.S. Dist. LEXIS 87374, at *17-19. Therefore, Securian argues, that they are entitled to summary judgment. *Id*.

Here, there is no genuine issue of material fact as to Decedent's beneficiary designation change. Plaintiffs claim Decedent changed her beneficiary designation for Additional Life Benefits on March 28, 2020, but subsequent records from 3M confirm that Decedent changed it back to 100% Timothy Litzau on May 12, 2020. This aligns with the beneficiary information transmitted to Securian after Decedent's death and establishes that Securian properly paid Timothy Litzau the Additional Life Benefits based on the most recent beneficiary designation. Consequently, Plaintiffs' claim that Securian breached its fiduciary duties in doing so fails as a matter of law.

### B. Fiduciary Function

Plaintiffs assert that Securian held a fiduciary function concerning Decedent's benefits. Plaintiffs base this argument on the provisions of ERISA, which define a fiduciary as someone named in the plan instrument or identified as a fiduciary by an employer or employee organization with respect to the plan. 29 U.S.C. § 1102(a)(2). Additionally, a person can be deemed a fiduciary based on the functional authority and control the person has over the plan. 29 U.S.C. § 1002(21)(A); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993).

Plaintiffs contend that Securian claims that it had no control over the beneficiary portal. But it is not disputed that Securian was part of the plan documents and was named by 3M as the party ultimately carrying and/or paying out the benefits. *In re Xcel Energy,*

*Inc.*, 312 F. Supp. 2d 1165, 1175 (D. Minn. 2004). According to Plaintiffs, this establishes a fiduciary relationship between Securian and Decedent's benefits. As a result, Plaintiffs argue, the issue of whether Securian served as a fiduciary is a genuine issue of material fact to be resolved at trial.

Securian responds that it did not serve as a fiduciary with regard to the beneficiary designation. To establish a violation of ERISA fiduciary duty, the defendant must have acted as a fiduciary when undertaking the action subject to complaint. *Cruz v. Lawson Software, Inc.*, No. 08-5900 (MJD/JSM), 2009 U.S. Dist. LEXIS 130882, at *12 (D. Minn. 2009); *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

Securian contends that it presented unrefuted evidence that it did not manage or administer beneficiary designations for the plan and had no access to the online portal used to make such designations. The employer or its third-party administrator was responsible for managing and administering the online portal and beneficiary designations. Securian points out that the documents that 3M provided in response to the subpoena that Plaintiffs served confirmed that Securian received Decedent's beneficiary information after her death and upon submission of a claim for benefits. These facts, Securian argues, establish that it had no involvement in any actions taken by Decedent on May 12, 2020, when the beneficiary designation was changed back to Timothy Litzau through the online portal, and Securian paid the benefits accordingly.

Securian also relies on court rulings that an insurer, like Securian, is not acting as a fiduciary in relation to beneficiary designations when the insurer only has authority or control over specific plan aspects, such as the administration of life insurance claims, and

8

adheres to the plain language of beneficiary designation forms submitted by the employer. In such cases, the insurer's fiduciary responsibility is limited to the aspects of the plan the insurer controls. *See e.g.*, *Lewis v. Unum Life Ins. Co. of Am.*, 188 F. App'x 259, 263 (5th Cir. 2006). Consequently, Securian maintains that it was not functioning as a fiduciary concerning the beneficiary designation. Therefore, no violation of ERISA can be attributed to Securian in this regard.

Although Plaintiffs allege that Securian breached its fiduciary duties by paying the benefits to Timothy Litzau despite Decedent's alleged attempts to change beneficiaries on the online portal, Securian did not have a fiduciary function with respect to the beneficiary designations. Securian neither maintained nor managed the online portal or the beneficiary designations. 3M was responsible for these aspects as a self-administered plan. For this reason, Securian is not liable under ERISA for the alleged failure of the online portal to register Decedent's intended changes to her beneficiary designations. *Pegram*, 530 U.S. at 225.

### C.     Fiduciary Duty

Plaintiffs argue that the ERISA duty of loyalty requires a fiduciary to discharge duties with respect to a plan solely in the interest of participants and beneficiaries. 29 U.S.C. § 1104(a)(1); *Dormani v. Target Corp.*, 970 F.3d 910, 916 (8th Cir. 2020). Plaintiffs assert that Securian failed to exercise its duty of loyalty when it paid the Additional Life Benefits against Decedent's ultimate intentions and wants.

Plaintiffs have alleged several facts that suggest Decedent did not make any additional changes to her beneficiaries on May 12, 2020, but instead intended the policy to

be paid as set forth in the March 28, 2020 beneficiary change. These alleged facts include: (1) Decedent did not know the password to her computer, which prevented her from accessing the internet or the required domains; (2) Decedent did not know how to navigate the 3M benefits portal and make changes; (3) Decedent's husband took away her phone on April 8, 2020 and (4) by May 12, 2020, Decedent's health condition had significantly declined, affecting her mental capacity and physical ability to make any changes. These allegations, Plaintiffs argue, create a genuine issue as to whether the defendant breached its duty of loyalty by paying the Additional Life Benefits contrary to Decedent's intended beneficiary designation.

Securian did not breach a fiduciary duty by following the plan documents. Even if Plaintiffs' allegations as to Decedent's intended beneficiaries were true, Securian would not have abused its discretion by paying Additional Life Benefits to Timothy Litzau, the named beneficiary on the plan documents. Pursuant to ERISA, Securian must act in accordance with plan documents and instruments governing the plan. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 301 (2009). The Policy provides that benefits will be paid according to the beneficiary designation. The beneficiary designation on file with 3M and provided to Securian named Timothy Litzau as 100% beneficiary of the Additional Life Benefits. Securian properly distributed the benefits to Timothy Litzau in accordance with the plan documents. *Kennedy*, 555 U.S. at 304.

This conclusion is consistent with the Eighth Circuit's decision, *Gelschus v. Hogen*, 47 F.4th 679, 682-685 (8th Cir. 2022). In *Gelschus*, as here, an intended beneficiary (Decedent's Estate) argued that the defendant breached its fiduciary duties under ERISA

by failing to remove a beneficiary after receiving a change-of-beneficiary form that did not comply with the plan requirements. The Eighth Circuit Court of Appeals affirmed the District Court's grant of summary judgment in favor of the defendant, Honeywell, based on *Kennedy* and concluded that Honeywell did not breach its fiduciary duty by denying Sally Gelschus' defective beneficiary change form and paying benefits to the designated beneficiary on file.

The court in *Gelschus* applied a *de novo* standard of review but found no abuse of discretion. Under ERISA, plan administrators have a duty to act in accordance with governing plan documents. The Honeywell 401(k) Plan established uniform procedures for designating beneficiaries, which Honeywell followed. As the Supreme Court has held, administrators must adhere to plan terms under ERISA. *Kennedy*, 555 U.S. at 300-01. Because Honeywell followed the plan procedures by rejecting Gelschus' improper form, it did not breach its fiduciary duty. For the same reasons, Securian is entitled to summary judgment for paying benefits to the named beneficiary according to the terms of Decedent's designation form on file, as required under ERISA plan administration principles.

**D.    Reformation**

Plaintiffs seek reformation of the insurance contract between Decedent and Securian under ERISA. Plaintiffs contend that reformation is warranted because the written instrument (beneficiary designation) failed to express Decedent's true intentions due to a mutual mistake of fact. Minnesota law permits a court to grant reformation of a written contract if three conditions are met: (1) a valid agreement existed between the parties expressing their intentions, (2) the written instrument failed to properly convey the parties'

11

intentions, and (3) this failure resulted from either a mutual mistake by both parties or a unilateral mistake accompanied by fraud or inequitable conduct by the other party. *Fid. & Guar. Ins. Co. v. Glob. Techs., Ltd.*, 117 F. Supp. 2d 911, 914 (D. Minn. 2000).

To prevail, Plaintiffs must establish three elements, which they argue have been met. First, Plaintiffs contend, it is undisputed that a valid agreement expressing Decedent's true intentions existed between the parties. Decedent had contracted and paid for the benefits she was entitled to upon her passing. And Defendant agreed to disburse the benefits and did so.

Second, Plaintiffs maintain that there is a genuine issue of material fact as to the failure to express real intentions. The written agreement failed to reflect accurately Decedent's true intentions at the time of her passing, Plaintiffs argue. Instead, the March 28, 2020 beneficiary designation represented her final intention. Plaintiffs contend that this beneficiary designation provides specific and factual evidence supporting this claim. In support of this contention, Plaintiffs emphasize Decedent's lack of computer access, lack of navigation skills, phone loss, and declining health condition as contributing factors to this discrepancy.

As to the third element for contract reformation, the agreement's failure to express the parties' intentions must be due to a mutual mistake. Plaintiffs contend that, although Securian denies any such mistake and asserts that benefits were paid based on the May 12, 2020 change, the May 12, 2020 alteration did not align with Decedent's intentions. And, according to Plaintiffs, this presents another genuine issue of material fact that supports the contract reformation claim.

Therefore, Plaintiffs argue, the presence of genuine issues of material fact regarding these elements warrants further consideration and potentially allows a competent jury to find in favor of Plaintiffs on the reformation of the insurance contract claim. *Dormani*, 970 F.3d at 916.

Plaintiffs' argument is misguided. Plaintiffs seek reformation of the May 12, 2020 beneficiary designation, arguing that the beneficiary designation should be amended to designate the same persons designated in the Additional Life Benefits. However, the reformation argument fails as a matter of law under ERISA for two main reasons.

As stated in *Gelschus*, ERISA mandates that plan administrators disburse benefits in accordance with the beneficiary designation specified in the plan documents. 47 F.4th at 685. Notably, Plaintiffs' neglect to acknowledge *Gelschus v. Hogen*, the Eighth Circuit's decision that supports Securian's compliance with the plan documents when distributing benefits. *Id*.

Plaintiffs allege fraud, inequitable conduct, and mutual mistake regarding the deceased's intentions on May 12, 2020 and the events surrounding the beneficiary designation change. However, Plaintiffs do not allege any wrongful conduct by Securian in this regard. Even when the evidence is viewed in the light most favorable to Plaintiffs, Plaintiffs' allegations of fraud, inequitable conduct, and mutual mistake are too speculative and insufficient to meet the high threshold for reformation under ERISA. Therefore, summary judgment in favor of Securian is warranted. *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011); *Rozier v. Prudential Ins. Co. of Am.*, No. 1:19-CV-00577, 2023 U.S. Dist. LEXIS 76714, at *11 (W.D. La. 2023).

In conclusion, Plaintiffs' reformation argument does not meet the legal requirements under ERISA and fails to state a viable claim against Securian for which relief can be granted. Therefore, Securian is entitled to summary judgment on the reformation issue.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Securian Life Insurance Company's motion for summary judgment, (Dkt. 20), is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 15, 2023            s/ Wilhelmina M. Wright
                                    Wilhelmina M. Wright
                                    United States District Judge